**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARAH ISBELL, | No. 18-16629 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00269-WHA |
| v. | |
| OKLAHOMA DEPARTMENT OF HUMAN SERVICES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Sarah Isbell appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging federal and state law claims relating to Oklahoma

state court child support orders.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (jurisdictional

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under the *Rooker–Feldman* doctrine); *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008) (dismissal for failure to state a claim). We affirm.

The district court properly dismissed Isbell's § 1983 claims challenging the Oklahoma state court's child support proceedings for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because they are a "de facto appeal" of decisions of the Oklahoma state court and are "inextricably intertwined" with those state court decisions. *See Noel*, 341 F.3d at 1163-65; *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that *Rooker–Feldman* doctrine bars "inextricably intertwined" claim where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)).

The district court properly dismissed Isbell's remaining § 1983 claims challenging defendants' enforcement of the Oklahoma state court child support orders, and her disability discrimination claims under Title II of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973, because Isbell failed to allege sufficient facts to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 340-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (setting forth elements of a prima facie case under the ADA and Rehabilitation

Act); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (setting forth elements of a § 1983 claim).

The district court did not abuse its discretion by denying Isbell's motions for appointment of counsel because Isbell failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and requirement of "exceptional circumstances" for appointment of counsel).

The district court did not abuse its discretion by denying Isbell's motion relating to attorney's fees because Isbell was not the prevailing party in this action as judgment was entered against her on all of her claims. *See* 42 U.S.C. § 1988 (allowing reasonable attorney's fee award to prevailing party in civil rights action).

The district court did not abuse its discretion by denying Isbell further leave to amend because amendment would have been futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**